[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13954
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00361-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RICHARD SPRIGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 1, 2015)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Charles Richard Spriggs appeals his total 36-month sentence, imposed above

the advisory guideline range, after pleading guilty to one count of possession of

methamphetamine and one count of possession of hydromorphone, both in

violation of 21 U.S.C. § 844.  On appeal, Spriggs argues that the district court abused its discretion by failing to provide sufficient justification for his upward variance, rendering his total 36-month sentence procedurally and substantively unreasonable.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing sentences for reasonableness, we typically perform two steps.  Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

it considered the factors when imposing sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Indeed, we have held that "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." Id.

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

If multiple terms of imprisonment are imposed on a defendant at the same time, the terms may run concurrently or consecutively.  18 U.S.C. § 3584(a). "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively." Id.  When determining whether to impose concurrent or consecutive sentences, the court must consider the § 3553(a) factors.  18 U.S.C. § 3584(b).

Spriggs has not shown that his total sentence of 36 months is procedurally unreasonable.  While the Guidelines range for Counts 1 and 2 was six-to-twelve months each, the district court imposed an upward variance, sentencing him to eighteen months for each count and running the sentences consecutively. However, the record reveals that the court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority and imposing a total 36-month sentence instead of either a Guideline sentence or a higher sentence.  Specifically, the court emphasized that the government was concerned that Spriggs was a danger to the community, he may have been involved in drug trafficking, and he had a history of consistently breaking the law.  On the other hand, the court also noted that the amount of cash on Spriggs was not significant, the firearm could not be considered, and it was unclear whether he fled. The court was not required to say that it considered all of the § 3553(a) factors, nor how each one contributed to its decision.

4

Spriggs has also failed to show that his sentence is substantively unreasonable. As the record reveals, the court considered the § 3553(a) factors in imposing consecutive sentences and considered the Guidelines and the § 3553(a) factors. As for the total sentence's purpose to protect the public from his future criminal conduct, the court noted that the government was concerned that he was dangerous. As for the offense's nature and circumstances, the court said that it was not taking into account the cash, firearm, or whether he fled. As for Spriggs's history and characteristics, the court commented that he was likely involved in drug trafficking and consistently broke the law. The court also explained why it did not give him a higher total sentence and how he would have faced over 20 years' imprisonment if he did not have a plea agreement. To the extent Spriggs argues that the district court failed to give due weight to his factors asserted in support of a lower sentence, that decision is within the court's discretion. Moreover, the court's total 36-month sentence was well below the 3-year statutory maximum penalty for each count, an indicator of reasonableness.

**AFFIRMED.**